Pierre Jean Jacques Renelique, as Assignee of PAUL EVANS, Appellant, 
against
Metlife Auto & Home, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (William A. Viscovich, J.), entered July 1, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff raises no issue with respect to defendant's showing that the policy in question is a Massachusetts insurance policy. On the record before us, we agree with the Civil Court's determination to apply Massachusetts law to the substantive issues involved herein (see Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; Auten v Auten, 308 NY 155, 160-161 [1954]; Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 60 [2000]). Insofar as is relevant to the present case, while Massachusetts law provides for payment of personal injury protection (PIP) benefits up to $8,000 for one person in any one accident (Mass Gen Laws Ann ch 90, § 34A), it further provides that, notwithstanding the $8,000 limitation, payment of PIP benefits in excess of $2,000 is not required where "such expenses have been or will be compensated, paid or indemnified pursuant to," among other things, a health insurance policy (Mass Gen Laws Ann ch 90, § 34A; see Dominguez v Liberty Mut. Ins. Co., 429 Mass 112, 112-113 [1999]). Furthermore, an injured party is required to cooperate in enabling the insurer to obtain "needed information to assist in determining the amounts due. Noncooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section" (Mass Gen Laws Ann ch 90, § 34M). 
Defendant established, prima facie, through its no-fault litigation representative, that plaintiff's assignor had failed to comply with the terms of the applicable insurance policy by failing to submit a health insurance affidavit stating whether he was covered by a health insurance plan. The affirmation of plaintiff's counsel and the affidavit of plaintiff's owner were insufficient to raise a triable issue of fact in opposition. We note that plaintiff's remaining arguments on appeal are unpreserved for appellate review. 
Accordingly, the order is affirmed.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 08, 2016